1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2      Including Professional Corporations
   D. RONALD RYLAND, Cal. Bar No. 49749
3  rryland@sheppardmullin.com
   BRIAN R. BLACKMAN, Cal. Bar No. 196996
4  bblackman@sheppardmullin.com
   Four Embarcadero Center, 17th Floor
5  San Francisco, California  94111-4109
   Telephone:    415-434-9100
6  Facsimile:    415-434-3947

7  ROBERT W. MCFARLAND (*Pro Hac Vice* To Be Applied)
   SHEPHERD D. WAINGER (*Pro Hac Vice* To Be Applied)
8  MCGUIREWOODS LLP
   9000 World Trade Center
9  Norfolk, VA 23510
   Telephone: (757) 640-3700
10 Facsimile:  (757) 640-3701

11 Attorneys for Defendants CLINTRIALS BIORESEARCH, LTD.
   AND BIO-RESEARCH LABORATORIES, LTD.,
12 Now Known  As CHARLES RIVER LABORATORIES
   PRECLINICAL SERVICES MONTREAL, INC.
13

14              UNITED STATES DISTRICT COURT

15             NORTHERN DISTRICT OF CALIFORNIA

16

17 LABS OF VIRGINIA COMPANY, LLC,        Case No. 3:08-MC-80039 VRW

18              Plaintiff,              **DECLARATION OF SHEPHERD D.
                                        WAINGER IN SUPPORT OF MOTION
19       v.                             TO QUASH WRITS OF EXECUTION
                                        AND <u>MOTION TO VACATE LEVIES</u>**
20 CLINTRIALS BIORESEARCH, LTD., *ET
   AL.*,                                Date:        July 3, 2008
21                                      Time:        2:30 p.m.
                Defendants.             Courtroom:   6, 17th Floor
22
                                        The Honorable Vaughn R. Walker
23

24

25

26

27

28

                                        -1-

1   I, Shepherd D. Wainger, declare:

2       1.      I am an attorney licensed to practice in Virginia and am associated with the law

3   firm McGuireWoods, LLP, who were counsel of record for Charles River Laboratories, Inc.

4   ("Charles River"), in an action filed in 2006 in the United States District Court, Eastern District of

5   Virginia, by L.O.V. Shareholders, LLC, entitled *L.O.V. Shareholders, LLC v. Charles River*

6   *Laboratories, Inc.,* Case No. 4:06 cv 32 (the "LOV Action").  That action sought to enforce

7   against Charles River the default judgment obtained from the United States District Court, District

8   of South Carolina, in the matter of *LABS of Virginia, Inc. v. ClinTrials BioResearch, Ltd. and Bio-*

9   *Research Laboratories, Ltd.,* Case No. 9:99-3557-08.  McGuireWoods is also counsel for Charles

10  River Laboratories Preclinical Services Montreal, Inc. ("Charles River Labs"), who is successor in

11  interest to ClinTrials BioResearch Ltd. and Bio-Research Laboratories, Ltd.  I make this

12  declaration based on my personal knowledge, except where noted otherwise, and would

13  competently testify to these facts if called to do so.

14      2.      Attached hereto as **Exhibit 1** is a true copy of the Writ of Execution issued by this

15  Court on April 18, 2008, which I retrieved from the Court's electronic file system.

16      3.      Attached hereto as **Exhibit 2** is a true copy of the Affidavit of Joseph W. LaPlume,

17  filed in the LOV matter.

18      4.      Attached hereto as **Exhibit 3** is a true copy of the Memorandum of Garnishee

19  returned by Gilead Sciences, Inc. in response to the levy by the San Mateo Sheriff of the Writ of

20  Execution issued in this matter.

21      5.      Attached hereto as **Exhibit 4** is a true copy of the Order Certifying Default

22  Judgment, issued by the United States District Court, District of South Carolina, Case NO. 9:99-

23  3557-08, which was filed in the LOV Action.

24      6.      Attached hereto as **Exhibit 5** is a true copy of the Complaint filed in the LOV

25  Action.

26      7.      Attached hereto as **Exhibit 6** is a true copy of the Memorandum In Support of

27  Motion to Dismiss or, In The Alternative, Motion For Summary Judgment filed in the LOV

28  Action.

-2-

1      8.      Attached hereto as **Exhibit 7** is a true copy of the Stipulation for Voluntary

2    Dismissal, filed in the LOV Action.

3          I declare under penalty of perjury under the laws of the United States that the above

4    statements are true.  Executed this 23rd day of May in Norfolk, Virginia.

5

6                                   SHEPHERD D. WAINGER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

DECLARATION OF SHEPHERD WAINGER ISO
MOTION TO QUASH AND MOTION TO VACATE

# EXHIBIT 1

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number and address):* File #: 28A1281 | FOR RECORDER'S USE ONLY |
|---|---|

ROBERT L. POLLAK Bar #: 083950
GLASSBERG, POLLAK & ASSOCIATES
425 California St., Suite 850
San Francisco, CA 94104-2193
  TELEPHONE NO.:(415) 291-8320    FAX NO.: *(Optional)*  (415) 291-8111
E-MAIL ADDRESS *(Optional):*  gpa@glassberg-pollak.com
  ATTORNEY FOR *(Name):*  Plaintiff

UNITED STATES DISTRICT COURT OF CALIFORNIA, NORTHERN DISTRICT
  STREET ADDRESS: 450 Golden Gate Av, 16th Floor
  MAILING ADDRESS: 450 Golden Gate Av, 16th Floor
  CITY AND ZIP CODE: San Francisco, CA 94102
    BRANCH NAME: Northern District

  PLAINTIFF: LABS OF VIRGINIA, etc.

  DEFENDANT: CLINTRIALS, etc., et al.

| WRIT OF | [X] EXECUTION (Money Judgment)<br>[ ] POSSESSION OF  [ ] Personal Property<br>                [ ] Real Property<br>[ ] SALE | CASE NUMBER:<br><br>CV0880039MISC |
|---|---|---|

1. **To the Sheriff or any Marshal or Constable of the County of:**  SAN MATEO
    You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. **To any registered process server:** You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):*  L.O.V. SHAREHOLDERS, LLC
  is the  [X] judgment creditor  [ ] assignee of record    whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

CLINTRIALS BIORESEARCH, LTD.
c/o South Carolina Secretary of State
Edgar Brown Building, Fifth Floor
1205 Pendleton Street
Columbia SC 29201

BIO-RESEARCH LABORATORIES, LTD.
c/o South Carolina Secretary of State
Edgar Brown Building, Fifth Floor
1205 Pendleton Street
Columbia SC 29201

       [ ] additional judgment debtors on next page
5. **Judgment entered** on *(date):* April 4, 2000
6. [ ] **Judgment renewed** on *(dates):*
7. **Notice of sale** under this writ
  a. [x] has not been requested.
  b. [ ] has been requested *(see next page).*
8. [ ] **Joint debtor** information on next page.

| | |
|---|---|
| 9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale. | |
| 10. [ ] This writ is issued on a sister-state judgment. | |
| 11. Total judgment . . . . . . . . . . . . . . . . . . . $ | $156,447.29 |
| 12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . . $ | $-0- |
| 13. Subtotal (add 11 and 12) . . . . . . . . . . $ | $156,447.29 |
| 14. Credits . . . . . . . . . . . . . . . . . . . . . . . $ | $-0- |
| 15. Subtotal (subtract 14 from 13) . . . . . . $ | $156,447.29 |
| 16. Interest after judgment (per filed affidavit CCP 685.050)(not on GC 6103.5 fees) .. $ | $77,123.15 |
| 17. Fee for issuance of writ . . . . . . . . . . . . $ | $15.00 |
| 18. **Total** (add 15, 16, and 17) . . . . . . . . . . $ | **$233,585.44** |
| 19. Levying officer: | |
| (a) Add daily interest from date of writ (at the legal rate on 15)(not on GC fees) of. . . . . . . . . . . . . . . . . . . . . $ | $42.86 |
| (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . . . . . . . . $ | $-0- |
| 20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20. | |

[SEAL]

RICHARD W. WIEKING

| Issued on (date): 4-18-08 | Clerk, by _____ , Deputy |
|---|---|
| | GLORIA ACEVEDO |

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Code of Civil Procedure §§ 699.520, 712.010, 715.010

Case 3:08-mc-80039-VRW    Document 3    Filed 04/18/2008    Page 2 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LABS OF VIRGINIA  vs. CLINTRIALS | CV0880039MISC |

## —Items continued from page 1—

4. [  ] **Additional judgment debtor** *(name and last known address):*

7.[  ] **Notice of sale** has been requested by *(name and address):*

8. [  ] **Joint debtor** was declared bound by the judgment (CCP 989-994)
        a. on *(date):*                             a. on *(date):*
        b. name and address of joint debtor:                b. name and address of joint debtor:

        c. [  ] additional costs against certain joint debtors *(itemize):*

9. [  ] *(Writ of Possession or Writ of Sale)* **Judgment** was entered for the following:
    a. [  ] Possession of real property: The complaint was filed on *(date)::*
        **(Check (1) or (2)):**
        (1) [  ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
               The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
        (2) [  ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
            (a) $         was the daily rental value on the date the complaint was filed.
            (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
               dates *(specify):*
    b. [  ] Possession of personal property
        [  ]If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
    c. [  ] Sale of personal property
    d. [  ] Sale of real property
    e. Description of property:

---

**— NOTICE TO PERSON SERVED —**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying Notice of Levy.
WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.
WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.
▸ *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

---

EJ-130 [Rev. January 1, 2006]          **WRIT OF EXECUTION**          Page 2 of 2

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number and address):* | File #: 28A1291 | FOR RECORDER'S USE ONLY |
|---|---|---|

ROBERT L. POLLAK Bar #: 083950
GLASSBERG, POLLAK & ASSOCIATES
425 California St., Suite 850
San Francisco, CA 94104-2193
  TELEPHONE NO.: (415) 291-8320     FAX NO.: *(Optional)* (415) 291-8111
E-MAIL ADDRESS *(Optional):* gpa@glassberg-pollak.com
  ATTORNEY FOR *(Name):* Plaintiff

**UNITED STATES DISTRICT COURT OF CALIFORNIA, NORTHERN DISTRICT**
  STREET ADDRESS: 450 Golden Gate Av, 16th Floor
  MAILING ADDRESS: 450 Golden Gate Av, 16th Floor
  CITY AND ZIP CODE: San Francisco, CA 94102
  BRANCH NAME: Northern District

  PLAINTIFF: LABS OF VIRGINIA, etc.

  DEFENDANT: CLINTRIALS, etc., et al.

| **WRIT OF** | [X] EXECUTION (Money Judgment)<br>[ ] POSSESSION OF   [ ] Personal Property<br>                             [ ] Real Property<br>[ ] SALE | CASE NUMBER:<br><br>CV0880039MISC |
|---|---|---|

1. To the Sheriff or any Marshal or Constable of the County of: **MARIN**
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accord with CCP 699.080 or CCP 715.040.

3. *(Name):* L.O.V. SHAREHOLDERS, LLC
   is the   [ X ] judgment creditor  [ ] assignee of record        whose address is shown on this form above the court's name.

4. **Judgment debtor** *(name and last known address):*

CLINTRIALS BIORESEARCH, LTD.
c/o South Carolina Secretary of State
Edgar Brown Building, Fifth Floor
1205 Pendleton Street
Columbia SC 29201

BIO-RESEARCH LABORATORIES, LTD.
c/o South Carolina Secretary of State
Edgar Brown Building, Fifth Floor
1205 Pendleton Street
Columbia SC 29201

[ ] additional judgment debtors on next page

5. **Judgment entered on** *(date):* April 4, 2000
6. [ ] **Judgment renewed on** *(dates):*
7. **Notice of sale** under this writ
   a. [ x ] has not been requested.
   b. [ ] has been requested *(see next page).*
8. [ ] Joint debtor information on next page.

[SEAL]

9. [ ] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
11. Total judgment . . . . . . . . . . . . . . . . . . . $   $156,447.29
12. Costs after judgment (per filed order or memo CCP 685.090) . . . . . . . . . . . . $   $-0-
13. Subtotal (add 11 and 12) . . . . . . . . . $   $156,447.29
14. Credits . . . . . . . . . . . . . . . . . . . . . . . $   $-0-
15. Subtotal (subtract 14 from 13) . . . . . $   $156,447.29
16. Interest after judgment (per filed affidavit CCP 685.050)(not on GC 6103.5 fees) . . $   $77,123.15
17. Fee for issuance of writ . . . . . . . . . . $   $15.00
18. Total (add 15, 16, and 17) . . . . . . . . . $   $233,585.44
19. Levying officer:
    (a) Add daily interest from date of writ *(at the legal rate on 15)(not on GC fees)*of . . . . . . . . . . . . . . . . . . $   $42.86
    (b) Pay directly to court costs included in 11 and 17 (GC 6103.5, 68511.3; CCP 699.520(i)) . . . . . . . . . . . . . . . . $   $-0-
20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

RICHARD W. WIEKING

| Issued on *(date):* 4-18-08 | Clerk, by | *[signature]* , Deputy |
|---|---|---|

GLORIA ACEVEDO

**NOTICE TO PERSON SERVED: SEE NEXT PAGE FOR IMPORTANT INFORMATION.**

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2006]

**WRIT OF EXECUTION**

Code of Civil Procedure, §§ 699.520, 712.010, 715.010

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| LABS OF VIRGINIA  vs. CLINTRIALS | CV0880039MISC |

—Items continued from page 1—

4. [  ] **Additional judgment debtor** *(name and last known address):*

7. [  ] **Notice of sale** has been requested by *(name and address):*

8. [  ] **Joint debtor** was declared bound by the judgment (CCP 989-994)
      a. on (date):                                     a. on (date):
      b. name and address of joint debtor:          b. name and address of joint debtor:

      c. [  ] additional costs against certain joint debtors *(itemize):*

9. [  ] *(Writ of Possession or Writ of Sale)* **Judgment** was entered for the following:
    a. [  ] Possession of real property: The complaint was filed on *(date)::*
        *(Check (1) or (2)):*
        (1) [  ] The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46.
             The judgment includes all tenants, subtenants, named claimants, and other occupants of the premises.
        (2) [  ] The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.
          (a) $      was the daily rental value on the date the complaint was filed.
          (b) The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following
             dates *(specify):*
    b. [  ] Possession of personal property
        [  ]If delivery cannot be had, then for the value *(itemize in 9e)* specified in the judgment or supplemental order.
    c. [  ] Sale of personal property
    d. [  ] Sale of real property
    e. Description of property:

---

**— NOTICE TO PERSON SERVED —**

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying Notice of Levy.

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will make a demand upon you for the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

▶ *A Claim of Right to Possession form accompanies this writ (unless the Summons was served in compliance with CCP 415.46).*

---

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

L.O.V. SHAREHOLDERS, LLC,
    a Virginia limited liability company
    and assignee of LABS of Virginia, Inc.

        Plaintiff,

v.                         Civil Action No. 4:06 cv 32

CHARLES RIVER LABORATORIES, INC.,
    a Delaware corporation and successor
    in interest to ClinTrials BioResearch Ltd.
    and Bio-Research Laboratories Ltd.,

        Defendant.

## AFFIDAVIT OF JOSEPH W. LAPLUME

    BEFORE ME, the undersigned Notary Public, in and for the State of Massachusetts appeared Joseph W. LaPlume, who stated under oath as follows:

1.  My name is Joseph W. LaPlume, I am over the age of 18 years old, I understand the meaning and obligation of an oath and the following is based upon my knowledge and investigation.

2.  I am Senior Corporate Counsel for Defendant Charles River Laboratories, Inc. ("Charles River") in Wilmington, Massachusetts.

3.  On January 12, 1996, Bio-Research Laboratories Ltd. ("Bio-Research") purchased research monkeys from Laboratory Animal Breeders and Services, Ltd. ("LABS").

4.  The laboratory monkeys were defective as one or several of the monkeys were infected with Tuberculosis when they were delivered.

5.  On July 24, 1996, ClinTrials BioResearch Ltd. ("ClinTrials") purchased the assets of Bio-Research.

6.  In July, 1997, ClinTrials brought an action against LABS, Nautilus Insurance Company ("Nautilus") and Chubb Custom Insurance Company in the Superior Court of Quebec, Canada, bearing file number 500-05-033946-979, for the defective monkeys (the "ClinTrials Action").

7.  In 2001, Virginia filed a Motion for Enforcement of a Foreign Judgment in the Superior Court of Quebec, Canada, bearing file number 500-05-064242-017 (the "Quebec Enforcement Action"), against ClinTrials and Bio-Research to enforce the default judgment entered against ClinTrials and BioResearch in the United States District Court for the District of South Carolina, Beaufort Division, bearing civil action number 9:99-3557-08 (the "South

Carolina Default Judgment"). A translated copy of the court's decision in the Quebec Enforcement Action is attached hereto as Exhibit A (the "Quebec Enforcement Action Decision").

8. After the resolution of the Quebec Enforcement Action, ClinTrials, LABS and Nautilus entered into a settlement agreement for the ClinTrials Action by which Nautilus, on behalf of LABS, paid ClinTrials $257,150. Virginia was not a party to the settlement agreement.

9. On August 9, 2002, ClinTrials changed its name to CTBR Bio-Research Inc. ("CTBR Bio-Research"), and subsequently changed its name to Charles River Laboratories Preclinical Services Montreal Inc. ("CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials"), a Quebec company, on October 25, 2005.

10. On October 18, 2002, CTBR Bio-Research purchased all of the issued and outstanding shares of Bio-Research.

11. On December 30, 2002, Bio-Research changed its name to 9124-4780 Quebec Inc. and subsequently transferred its assets and liabilities to its sole shareholder, CTBR Bio-Research.

12. On September 23, 2003, 9124-4780 Quebec Inc. f/k/a Bio-Research was dissolved.

13. CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials continues to perform pre-clinical and laboratory research services on a contract basis, as a distinct corporate entity.

14. CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials is owned by Inveresk Research (Canada) Inc. ("Inveresk"), which is a Canadian corporation; Inveresk is owned by Charles River Laboratories Luxembourg, S.ár.l ("Charles River Luxembourg"), a Luxembourg entity; Charles River Luxembourg is owned by Inveresk Holdings, LLC ("Inveresk Holdings"), a Delaware limited liability company; Inveresk Holdings is owned by Inveresk Research Group LLC ("Inveresk Research"), a Delaware limited liability company; Inveresk Research is owned by Charles River Laboratories International, Inc ("Charles River International"), a Delaware company.

15. Charles River does not own, nor does any subsidiary of Charles River own, CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials.

16. Charles River is not a successor in interest to ClinTrials or Bio-Research.



Joseph W. LaPlume

Subscribed and sworn to before me this _14th_ day of March, 2006.

Notary Public

My commission expires: _____ ___, 20___.

TAMARA S. CIPRIANO
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires September 11, 2009

# EXHIBIT A

# HIGHER COURT

CANADA
PROVINCE OF QUEBEC
DISTRICT OF MONTREAL

N°:        500-05-064242-017

DATE:     April 9, 2003

| UNDER THE PRESIDENCY OF: | The HONOURABLE one | BENOIT EMERY, J.C.S. |
|---|---|---|

LABS OFF VIRGINIA INC.

     Demanderesse/REQUÉRANTE

C.

CLINTRIALS BIORESEARCH LTD.
- and
BIO-RESEARCH LABORATORIES LTD.

     Défendeur/INTIMÉES

JUDGMENT

[1]     The applicant one, LABS OFF VIRGINIA INC., request at the higher Court of Quebec to recognize and declare executory a judgment given by defect on April 4, 2000 by the

JE0086

500-05-064242-
017                                                                                                           PAGE: 2

judge Ground Blatt, Jr. court of South Carolina (District off South Carolina, Beaufort Division), condemning CLINTRIALS BIORESEARCH LTD. and BIO-RESEARCH LABORATORIES LTD. from Montreal to pay the sum of 116 660 $ U.S. in capital plus 46 599,62 $ U.S. in interests what adds up 163 259,62 $ U.S. In accordance with article 3161 *C.c.Q.*, the parts admit that once converted, the amount of the judgment in capital and interests are 252 072,84 $ Can. the respondents CLINTRIALS BIORESEARCH LIMITED ("CLINTRIALS BIORESEARCH") and BIO-RESEARCH LABORATORIES LIMITED ("BIO-RESEARCH") dispute this request in exemplification with the reasons which the court of South Carolina was not qualified. They call upon pendency of case subsidiarily since an action implying CLINTRIALS BIORESEARCH is hanging before the higher Court of Quebec.

I       **FACTS**

[2]     In 1995, BIO-RESEARCH whose registered office is in Montreal puts at research monkeys for ends of experimentation. September 18, and 19 1995, Doctor Patrick Mehlman of the firm ANIMAL LABORATORY BREEDERS AND LTD SERVICES. ("ANIMAL BREEDERS") from South Carolina goes to BIO-RESEARCH to Montreal to meet Doctor Ronald Charbonneau there. Doctor Mehlman mentions whereas its firm is able to provide the monkeys that BIO-RESEARCH seeks.

[3]     Of return in South Carolina, Doctor Mehlman forwards in BIO-RESEARCH a tender for the sale of 70 monkeys of the rhesus type. The tender specifies that the monkeys will be delivered in Montreal by ANIMAL BREEDERS. Each monkey will be delivered with the results of tests which it underwent in ANIMAL BREEDERS. BIO-RESEARCH of Montreal wants in particular to have the confirmation that the monkeys females are not pregnant.

[4]     Doctor Patrick Mehlman goes one second time to the laboratory of BIO-RESEARCH to Montreal on October 31, 1995. This meeting relates to this time the purchase of 120 monkeys females of the cynomolgus type. Of return in South Carolina, Doctor Mehlman forwards to BIO-RESEARCH to Montreal a second tender concerning the sale of 120 monkeys females of the cynomolgus type. Just like for the sale of the 70 monkeys of the rhesus type, the tender provides that the monkeys of the cynomolgus type will be delivered to the laboratory of BIO-RESEARCH in Montreal.

[5]     In January 1996, BIO-RESEARCH would have required of ANIMAL BREEDERS to delay the delivery of the monkeys of the rhesus type of a few months.

[6]     May 1, 1996, LABS OFF VIRGINIA ("VIRGINIA") buys the credits of the company ANIMAL BREEDERS. For its part, a few months later, CLINTRIALS BIORESEARCH buys the credits of BIO-RESEARCH. CLINTRIALS BIORESEARCH establishes its registered office in the buildings of BIO-RESEARCH in Montreal.

500-05-064242-
017                                                              PAGE: 3

[7]    August 13, 1996, CLINTRIALS BIORESEARCH cancels the order of 70 monkeys of
the rhesus type.  September 28, 1997, VIRGINIA forwards in CLINTRIALS BIORESEARCH THE
invoice number 1677 to the amount of 24 360 $ U.S. representing the expenses of
cancellation is 12 % of the purchase price.  CLINTRIALS BIORESEARCH refuses or omits to
pay this sum of 24 360 $ U.S.

[8]    As for the purchase of the 120 monkeys females of the cynomolgus type, BIO-
RESEARCH of Montreal emitted the purchase order number 80231 on January 12, 1996.
March 9, 1996, 60 of the 120 monkeys of the cynomolgus type are delivered to the
laboratory of BIO-RESEARCH in Montreal which entirely discharges the invoice related
with these monkeys.

[9]    According to allegations' of the declaration in the cause number 500-05-064242-
017, in question hereafter, BIO-RESEARCH would have discovered on July 22, 1996 that
one of the monkeys females of the cynomolgus type was sick.  A few weeks later,
CLINTRIALS BIORESEARCH (which acquired the credits of BIO-RESEARCH ON July 24, 1996)
notes the death of this monkey.  Always according to allegations' of this action, the
monkey was reached of tuberculosis.  CLINTRIALS BIORESEARCH would have discovered
thereafter that several of the monkeys were infected so that they owed the euthanasier.

[10]    In spite by what precedes, VIRGINIA delivered to CLINTRIALS BIORESEARCH in
Montreal 60 other monkeys females of the cynomolgus type in August 1996.  According
to VIRGINIA, a balance of 92 300 $ U.S. remains always unpaid relative with the sale of
the monkeys females of the cynomolgus type.

[11]    In July 1997, CLINTRIALS BIORESEARCH brought in Montreal proceedings against
ANIMAL BREEDERS and two insurers claiming to them damages of more than 1 000 000 $
EDGE resulting from the delivery from monkeys of the cynomolgus type apparently
infected by tuberculosis (number of action 500-05-033946-979).  This action is always
hanging before the higher Court of Quebec.

[12]    In October 1999, VIRGINIA brought in front of the court of South Carolina
proceedings against CLINTRIALS BIORESEARCH and BIO-RESEARCH claiming to them the
total sum of 116 660 $ U.S. is 24 360 $ U.S. as expenses of cancellation of the order of
70 monkeys of the rhesus type and the sum of 92 300 $ U.S. representing the unpaid
balance relating to the second delivery of 60 monkeys females of the cynomolgus type.
This action was duly meant in CLINTRIALS BIORESEARCH and BIO-RESEARCH with their
registered office in Montreal on November 3, 1999.

[13]    Estimating that the court of South Carolina was not competent, CLINTRIALS
BIORESEARCH and BIO-RESEARCH never appeared before the court of South Carolina.
April 4, 2000, the court of South Carolina gave a judgment by default condemning
CLINTRIALS BIORESEARCH and BIO-RESEARCH to pay in VIRGINIA THE sum of 116 660 $

500-05-064242-
017                                                              PAGE: 4

plus the interests. In conformity with article 3161 *C.c.Q.*, the parts admit that once converted and into taking account of the interests, the judgment represents the sum of 252 072,84 $ Can. VIRGINIA thus requires that the higher Court of Quebec to recognize and declare executory the judgment given by defect on April 4, 2000 and requires so that CLINTRIALS BIORESEARCH and BIO-RESEARCH be condemned to pay this sum of 252 072,84 $ Can.


II      **CLAIMS OF THE PARTS**


[14]    VIRGINIA supports that the American judgment meets all the requirements given in articles 3155 to 3168 *C.c.Q* so that the higher Court of Quebec, which cannot carry out the examination at the bottom, must recognize and declare executory this judgment. In a more specific way, VIRGINIA pleads that the American court was competent under the terms of article 3168 (4) *C.c.Q* since obligations rising from the contract were to be carried out in South Carolina. It as puts forward as under article 3168 (3) *C.c.Q.*, a fault was made there and a damage was undergone there. Lastly, the defendants not having appeared, it pleads that they were subjected to the competence of the American court since they did not present average preliminaries to raise his incompetence.

[15]    For its part, the respondents CLINTRIALS BIORESEARCH and BIO-RESEARCH plead that article 3168 (4) *C.c.Q* requires that *all the* obligations rising from the contract were to be carried out in South Carolina what was not the case. Subsidiarily, they plead that the higher Court of Quebec cannot recognize the American judgment since a litigation between the same parts, founded on the same facts and having the same object is during front a Québécois authority, namely the action that CLINTRIALS BIORESEARCH brought against ANIMAL BREEDERS and two insurers in July 1997 (500-05-033946-979).


III     **DISCUSSION**


[16]    VIRGINIA invites the court to comply with the rule of the comity of nations. In a recent judgment, the supreme Court of Canada, while recognizing the importance of this rule, declares that in Québécois civil law, the courts must interpret the rules of the private international law by examining initially the particular wording of the provisions of the *Civil code of Quebec*. Honourable judge Louis LeBel writes in this respect:

> In Quebec, because of the coding of the rules of the private international law, the courts must interpret these rules by initially examining the particular wording of the provisions of *C.c.Q* and then while seeking to know if their interpretation is

500-05-064242-017

PAGE: 5

compatible with the principles which underlie the rules. As the provisions of *C.c.Q* and *C.p.c.* do not return directly to the principles of courtesy, order and equity, and that at best these principles are vaguely defined there, it is important to stress that the latter do not constitute constraining rules in oneself. They are used rather as guide with the interpretation of the various private international legal provisions and reinforces the close link between the questions in litigation.

[17]    In conformity with this rule stated by the supreme Court, it is while referring initially to the provisions of the *Civil code of Quebec* that the Court will analyze the rights of the parts to the present authority.

[18]    The recognition of a foreign judgment is governed by articles 785 and 786 of the *Code of civil procedure* as well as articles 3155 to 3168 of the *Civil code of Quebec*. Article 3155 *C.c.Q* enacts:

> **3155.** Any decision returned out of Quebec is recognized and, if necessary, is declared executory by the authority of Quebec, except in the following cases:
>
> 1°  The authority of the State in which the decision was returned was not qualified according to the provisions of this title;
>
> 2°  The decision, with the place where it was returned, is likely of an ordinary appeal, or is not final or executory;
>
> 3°  The decision was returned in violation of the essential principles of the procedure;
>
> 4°  A litigation between the same parts, founded on the same facts and having the same object, gave place to Quebec with a decision passed or not in force of judged thing, or is during front a Québécois authority, first seizure, or was judged in a Non-member state and the decision meets the conditions necessary for its recognition to Quebec;
>
> 5°  The result of the foreign decision is obviously incompatible with the law and order such as it is heard in the international relations;
>
> 6°  The decision sanctions obligations rising from the tax laws of a foreign State.

[19]    While basing itself on the first paragraph of article 3155 *C.c.Q.*, the respondents support that the higher Court of Quebec must refuse to recognize the judgment given by the court of South Carolina since this one was not qualified.

500-05-064242-
017                                                             PAGE: 6

[20]    In the personal actions in patrimonial matter, the competence of the foreign
authorities is governed by article 3168 *C.c.Q* which enacts:

> **3168**. In the personal actions in patrimonial matter, the competence of the foreign
> authorities is recognized only in the following cases:
>
> 1°   The defendant had domiciled in the State where the decision was returned;
>
> 2°   The defendant had an establishment in the State where the decision was
> returned and the dispute relates to its activity in this State;
>
> 3°   A damage was undergone in the State where the decision was returned and
> it results from a fault which was made there or from a detrimental fact which
> occurred there;
>
> 4°   The obligations rising from a contract were to be carried out there;
>
> 5°   The parts subjected the litigations born to them or to be born between them
> at the time of a report/ratio of given right; however, the renunciation of the
> consumer or the worker of the competence of the authority of its residence
> cannot be opposite for him;
>
> 6°   The defendant recognized their competence.

[21]    Even if at the time of the reform of the *Civil code* in 1994, the legislator took as a
starting point the the principle of the mirror to determine the terms of reference of the
foreign authorities, it nevertheless is recognized that article 3168 *C.c.Q* is much
more restrictive than article 3148 *C.c.Q* which states the terms of reference of the Québécois
authorities in the personal actions in patrimonial matter.  Article 3148 *C.c.Q* enacts:

> **3148**. In the personal actions in patrimonial matter, the Québécois authorities are
> qualified in the following cases:
>
> 1°   The defendant has his residence or his residence in Quebec;
>
> 2°   The defendant is a legal entity who did not domicile in Quebec but there has
> an establishment and the dispute relates to its activity in Quebec;
>
> 3°   A fault was made in Quebec, a damage was undergone there, a detrimental
> fact occurred there or one of the obligations rising from a contract was to be
> carried out there;
>
> 4°   The parts, by convention, subjected the litigations born to them or to be born
> between them at the time of a report/ratio of given right;

500-05-064242-
017                                                                            PAGE: 7

    5°   The defendant recognized their competence.

    However, the Québécois authorities are not qualified when the parts chose, by
convention, to subject the litigations born or to be born between them, in
connection with a given legal report/ratio, with a foreign authority or a referee,
unless the defendant did not recognize the competence of the Québécois
authorities.

[22]    As illustration, it is enough that a damage was undergone in Quebec so that the
Québécois authorities are competent (article 3148 (3) *C.c.Q.*). In the business of Spar
Aerospace Ltd., the supreme Court of Canada decided that the authorities of Quebec
were competent when a company pled to have undergone an attack with its reputation
even if the registered office were in Ontario but which it had an establishment in
Quebec. This company had thus suffered an injury in Quebec within the meaning of
article 3148 (3) *C.c.Q.*:

    In the species, as the judge of the requests, I estimate that the respondent
established *PRIMA facie* that it had suffered an injury in Quebec. Even if the
registered office of the respondent is in Ontario, the testimony of Gerald Bush
(vice-president and general manager of Spar) shows that the company exploited
with Co.-Anne-of-Bellevue had established its own reputation independently of
the national reputation of the respondent.

[23]    On the other hand, a foreign authority will be competent only if "a *damage were
undergone in the State where the decision was returned and it results from a fault which was
made there or from a detrimental fact which occurred there*" (our underlinings). Thus, the
Civil code requires that the damage and the fault be made in the foreign State so that
the court of Quebec recognizes the competence of this authority.

[24]    In the same way, article 3168 (4) *C.c.Q* requires that "the *obligations rising from a
contract were to be carried out in the State where the decision was returned.*". The authors of
doctrines get along then for saying that article 3168 (4) requires that *all the* obligations
rising from a contract have to be carried out in the foreign State.

[25]    In his precis of deprived international law, professor Claude Emmanuelli affirms:

    In addition, the competence of the foreign courts within the framework of a
personal action in patrimonial matter is now governed by article 3168 C.c.Q.
This one presents a certain number of differences compared to article 3148,
which relates to the competence of the Québécois courts with regard to the same
type of action. One notes as well as the competence of the Québécois courts is

500-05-064242-
017                                                                PAGE: 8

broader than that of the foreign courts in this field.  Moreover, it must exist a close link between the foreign court and the business which it slices.  Indeed, insofar as the control of the law applied by the foreign judge just as the control of the foreign decision in principle disappeared, it is important, especially with regard to the judgments in patrimonial matter, more strictly to control the competence of the foreign court.

(…)

The obligations rising from a contract were to be carried out in the State where the decision was returned.  Contrary to article 3148 (3), the present provisions aim at the whole of the obligations rising from a contract.

[26]    For their part, the authors Gerald Goldstein and Ethel Groffier affirm:

The third paragraph of article 3168 C.c.Q returns almost makes some - and alas - require that *all the* cause of action proceed in the jurisdiction of the foreign court, since it is necessary that the damage was undergone in the State where the fault was made or in the State where the detrimental fact occurred.  It is much more restrictive than the third paragraph of article 3148 C.c.Q which makes it possible to choose between the fault, the damage, the place where the detrimental fact occurred or the place where one of the obligations rising from a contract was to be carried out.  (…)

Once again, paragraph 4 of article 3168 C.c.Q is more restrictive than the third paragraph of article 3148 C.c.Q which is satisfied with one of the obligations rising from a contract to sit Québécois competence, whereas foreign competence requires the stating of the execution of **all the** obligations in its jurisdiction.

[27]    Professor Patrick Glenn abounds in this direction:

The fourth paragraph of article **3168** would make it possible to establish the competence of the foreign authorities if the obligations rising from a contract were to be carried out in the foreign for.  It should be noted that they are all the provisions rising from the contract and not only one of these obligations, as it is the case to establish the competence of the Québécois authorities (art **3148**, para. 4).

[28]    The authors Talpis and Castel also say:

500-05-064242-
017                                                                    PAGE: 9

> With regard to the contractual obligations, article 3148, paragraph 3, require the
> presence in Quebec only of the one of the contractual obligations, whereas
> article 3168, paragraph 4 speaks *about the* obligations, which wants to say that
> all must be carried out in the same State so that the authorities of this one are
> qualified.
>
> (our underlinings)

[29]  VIRGINIA does not deny that some of the obligations were to be carried out in
Quebec but pleads that it is not necessary that in fact the the obligations must be
carried out in South Carolina.  The Court does not share this opinion. It rather divides
that of the above-mentioned authors of doctrines.

[30]  The comparison of articles 3148 and 3168 reveals the intention of the legislator
clearly to restrict the fields of competence of the foreign authorities compared to the
fields of internal competence.  Since 1994, the Québécois authority does not carry out
any more the examination at the bottom of the judgmentwhat explains a more rigorous
control of the competence of the foreign court.  Moreover, article 3164 *C.c.Q* enacts that
a litigation must be attached in an important way in the State whose authority was
seized.

[31]  In the species, at least two of the obligations rising from the agreement were to
be carried out in Montreal.  Firstly, such as it Appert of the tender of ANIMAL BREEDERS
of September 25, 1996, the delivery of the 70 monkeys of the rhesus type was to be
carried out at the laboratory of BIO-RESEARCH in Montreal.  It is the same for the tender
related with the 120 monkeys females of the cynomolgus type.  In the facts, all the
monkeys were actually delivered to the laboratory of BIO-RESEARCH in Montreal.

[32]  The delivery of the good is one of the obligations rising from the sale contract
such as it Appert of the section entitled "*Of the obligations of the salesman*" of the chapter
of the sale to the *Civil code of Quebec*:

> **1716**.  The salesman is required to deliver the good, and to guarantee the right of
> ownership and quality.
>
> These guarantees exist full, without it being necessary to stipulate them in the
> sale contract.
>
> **1717**.  The obligation to deliver the good is fulfilled when the salesman puts the
> purchaser in possession of the good or grants so that it takes possession of it, all
> obstacles being isolated.

500-05-064242-
017                                                                      PAGE: 10

[33]   In the present business, the obligation of delivery was carried out in Montreal when BIO-RESEARCH received at its laboratory the monkeys which it had ordered of ANIMAL BREEDERS.

[34]   As for the other obligations rising from the contract, there is also that for the purchaser to pay the price of the sold good.  In this respect, article 1734 *C.c.Q* enacts:

> **1734**. The purchaser is required to take delivery of the sold good and to pay the price at the time and instead of the delivery.  It is also held, if necessary, to pay the expenses of the sale contract.
>
> (Our underlinings)

[35]   In his affidavit of December 2, 2002, Doctor Ronald Charbonneau de CLINTRIALS BIORESEARCH affirms that "*There no was specific discussion nor of agreement between the representatives of LABS and me as for the place where should pay us LABS.*".  It is thus necessary to resort to the right back-up troop, namely article 1734 *C.c.Q.*, to determine the place where the purchaser was to pay the price.  In the species, it is about the registered office of BIO-RESEARCH in Montreal.

[36]   VIRGINIA pleads that one of the payments was carried out by check sent to ANIMAL BREEDERS in South Carolina.  The Court does not see there renunciation nor of agreement as for the place of the other payments.  It is thus necessary to refer in article 1734 *C.c.Q* as for the unpaid sums being the subject of the judgment given by the court of South Carolina.

[37]   It is true that two obligations rising from the contract, is that to take care of the monkeys and that to carry out certain blood tests, were carried out in South Carolina but just like the authors of doctrines, the Court thinks that *all the* obligations were to be carried out in South Carolina to give competence in this State under the terms of article 3168 (4) C.c.Q.

[38]   VIRGINIA also pleads that a fault was made by BIO-RESEARCH or CLINTRIALS BIORESEARCH in the State of South Carolina.  There is however with the file no proof of some fault that it is which would have been made by the respondents in the State of South Carolina.  In addition, one would need within the meaning of article 3168 (3) *C.c.Q* that all the cause of action occurred in the State of South Carolina.  Still there, there is no proof with the file to this end just like it is not no proof that a damage would have been undergone in the State of South Carolina.  The fact that VIRGINIA, whose establishment is located in South Carolina, does not receive the payment of his credit, which is payable in Montreal, does not make that a damage was undergone in South Carolina.

500-05-064242-
017                                                                 PAGE: 11

[39]    VIRGINIA pleads finally that the respondents recognized the competence of the
court of South Carolina according to article 3168 (6) *C.c.Q.*  However, the respondents
not having never appeared before this court, they could admit nor subjecting itself to its
competence.

[40]    VIRGINIA produced a certificate of an American jurisconsult affirming that the court
of South Carolina was competent under the terms of article 36-2-803 of the Code of the
laws of South Carolina.  In this respect, the court recalls that in the province of Quebec,
the competence of the foreign authorities is governed by articles 3164 to 3168 of the
*Civil code of Quebec* and not by the international law interns foreign State.

[41]    Since the Court comes to the conclusion which the court of South Carolina did
not have competence according to articles' 3155 and 3168 C.c.Q., it is not necessary to
come to a conclusion about the pendency of case pled subsidiarily by the respondents.

**FOR THESE REASONS, the Court**:

[42]    OFF **REJECT the** request in recognition of a foreign judgment of LABS VIRGINIA
Inc. ;

[43]    **THE WHOLE WITH COSTS.**


_____
                                                      BENOIT EMERY, J.C.S.

Me Large Nancy
**GOLDSTEIN, FLANZ, FISHMAN**
Procureure of the demanderesse/REQUÉRANTE

Me Yves Martineau
**STIKEMAN ELLIOTT**
Prosecutor of the défenderesses/INTIMÉES

Go back to              March 25, 2003
audience:

500-05-064242-
017                                                    PAGE: 12

## LIST AUTHORITIES SUBJECTED BY THE PARTS:

Joost BLOM, *Conflict off Laws - Enforcement off Extraprovincial Default Judgment - Real and Substantial Connection: Morguard Investments Ltd. C. De Savoye*, [1991]Can.Bar rev., 733;

J. - G. MANOR HOUSE, *"Recognition and Enforcement off has Sister-Province Default Money Judgment: Jurisdiction Based one Real and Substantial Connection"*, 7 B.F.L.R. 111;

Claude EMMANUELLI, *Québécois private International law*, Montreal, Wilson & Lafleur, 2001;

Léo DUCHARME, *Precis of the proof*, Wilson & Lafleur, 1996;

H. Patrick GLENN, *private International law*, in the Reform of the Civil code, Bar of Quebec and the Room of the notaries of Quebec, T. 3, Holy-Foy, P.U.L. 1993;

Gerald GOLDSTEIN and Ethel GROFFIER, *deprived International law*, T. 1, general Theory, Cowansville, Yvon Blais, 1998;

Gilbert D. KENNEDY, *"Reciprocity" in the Recognition off Foreign Judgments: The Implications off Through C. Holley*, (1954) 32 Edge B.R. 359;

Gilbert D. KENNEDY, *"Recognition off Judgments in personam: the meaning off reciprocity*, (1957) 35 Edge B.R. 123;

Jeffrey A. TALPIS and Jean-Gabriel MANOR HOUSE, the *Civil code of Quebec*: "Interpretation of the rules of the deprived international law", Bar of Quebec and Chambre of the notaries of Quebec. The Reform of the Civil code, T. 3, Holy-Foy, P.U.L., 1993;

Jeffrey A. TALPIS and Gerald GOLDSTEIN, *Analyzes critical preliminary draft of law of Quebec in deprived international law*, vol. 91, (1989) R. of the NR. 606;

Gerald GOLDSTEIN and Jeffrey A. TALPIS, *prospects in Québécois civil law of the reform of the rules relating to the effect of the foreign decisions in Canada (2nd part)*, vol. 75, (1996) Can. Bar rev. 115;

*171486 Canada Inc. C. Rogers Cantel Inc.*, [1995] R.D.J. 91 (C.S.);

*Amiel Ltd Distributions. C. Amana Company L.P.*, REJB 2002-21191 (C.S.);

*Arsenault C. Monette*, [1951] B.R. 372;

500-05-064242-
017                                                        PAGE: 13

*Bank offMontrealC. Hydro Aluminum Wells Inc.*, J.E. 2002-1657 (C.S.);

*Birdsall Inc. C. In Any Vent Inc.*, [1999] R.J.Q. 1344 (A.C.);

*Canfield Technologies Inc. C. Been useful-Metals Canada Inc.*, REJB 1999-14344 (C.S.);

*Control technical applied Itée C. Attorney General of Quebec*, [1994] R.J.Q. 939 (A.C.);

*DDH Aviation Inc. C. Fox*, REJB 2002-32386 (A.C.);

*Ellipse Fiction/Ellipse Programs C. International Image Services Inc.*, J.E. 98-210 (A.C.);

*Companies Claude Chagnon Inc. C. Aqua-Dyne Inc.*, REJB 2000-17276 (C.S.);

*Fellen C. Barnett Bank offSouth FloridaN.A.*, [1994] R.J.Q. 932 (A.C.);

*Foster C. Kaycan Ltd.*, REJB 2001-27353 (A.C.);

*Asbestos lake of Quebec Ltée C. 2858-0702 Quebec Inc.*, J.E. 97-1167 (C.S.);

*LondonFree Close PrintingCo. C. Ideal Equipment Co.*, J.E. 94-1267 (C.S.);

*MontgomeryC. Communidée Design Inc.*, REJB 1997-00365 (C.Q.);

*Morguard Investments Limited C. De Savoye*, [1990] 3 R.C.S. 1077;

*Opron Inc. C. Aero System Engineering Inc.*, [1999] R.J.Q. 757 (C.S.);

*Quebecor Printing Memphis Inc. C. Regenair Inc.*, [2001] R.J.Q. 966 (A.C.);

*Roberge C. Bolduc*, [1991] 1 R.C.S. 374;

*Sabrill L.S. Corp. C. Asset Development Corp.*, J.E. 99-2211 (C.Q.);

*Company Toon Boon Technologies C. Société 2001 S.A.*, J.E. 96-630 (C.S.);

*Spar Aerospace Limited Mobile C. American Satellite Corp.*, 2002 CSC 78;

*Royal Shtull C. Banque of Canada*, judges André Deslongchamps, C.S.Montréal 500-05-013211-931, August 30, 1994;

*St-Laurent C. Dorais*, [1996] R.D.J. 172 (A.C.);

*Town of Dorion C. Canadian union insurance company*, (1993) R.D.J. 231 (A.C.).

500-05-064242-
017                                                                          PAGE: 14

1.  *Spar Aerospace Limited Mobile* C. *American Satellite Corp.*, 2002 CSC 78, paragraph [23].
2.  *Spar Aerospace Limited Mobile* C. *American Satellite Corp.*, 2002 CSC 78.
3.  *Spar Aerospace Limited Mobile* C. *American Satellite Corp.*, 2002 CSC 78, paragraph [33].
4.  Claude EMMANUELLI, *Québécois private International law*, Montreal, Wilson & Lafleur, 2001, p.121.
5.  Gerald GOLDSTEIN and Ethel GROFFIER, *deprived International law*, T. 1, general Theory, Cowansville, Yvon Blais, 1998, p. 429.
6.  H. Patrick GLENN, *private International law*, in the Reform of the Civil code, T. 3, Bar of Quebec and the Room of the notaries of Quebec, Holy-Foy, P.U.L. 1993, p. 777.
7.  Jeffrey A. TALPIS and Jean-Gabriel MANOR HOUSE, the *Civil code of Quebec*: "interpretation of the rules of the deprived international law", Bar of Quebec and Chambre of the notaries of Quebec. The Reform of the Civil code, T. 3, Holy-Foy, P.U.L., 1993, p. 918.
8.  Article 3158 C.c.Q.
9.  *Morguard Investments Limited* C. *De Savoye*, [1990] 3 R.C.S. 1077 (Substantial connection).
10. Part RC-2.
11. Part RC-4.
12. Claude EMMANUELLI, *Québécois private International law*, Montreal, Wilson & Lafleur, 2001, p.121. H. Patrick GLENN, *private International law*, in the Reform of the Civil code, T. 3, Bar of Quebec and the Room of the notaries of Quebec, Holy-Foy, P.U.L. 1993, p. 777;  Gerald GOLDSTEIN and Ethel GROFFIER, *deprived International law*, T. 1, general Theory, Cowansville, Yvon Blais, 1998, p. 429; Jeffrey A. TALPIS and Jean-Gabriel MANOR HOUSE, the *Civil code of Quebec*: "interpretation of the rules of the deprived international law", Bar of Quebec and Chambre of the notaries of Quebec. The Reform of the Civil code, T. 3, Holy-Foy, P.U.L., 1993, p. 918; *Opron Inc.* C. *Aero System Engineering Inc.*, [1999] R.J.Q. 757 (C.S.), pages 770 and 771.
13. *Quebecor Printing Memphis Inc.* C. *Regenair Inc.*, [2001] R.J.Q. 966 (A.C.).

# EXHIBIT 3

| Attorney or Party without Attorney: | Telephone No: | For Recorders Use Only |
|---|---|---|
| ROBERT L. POLLAK | 415-291-8320 | |
| Law Offices Of: ROBERT L. POLLAK | Bar #083950 | |
| 425 CALIFORNIA STREET | | |
| SUITE 850 | | |
| SAN FRANCISCO, CA. 94104 | | |

Attorney for:

Insert name of Court and Judicial District and Branch Court:
SAN FRANCISCO COUNTY SUPERIOR COURT
400 Mcallister Street♦Room 103♦San Francisco, Ca. 94102

Plaintiff: LABS OF VIRGINIA, ETC.

Defendant: CLINTRIALS, ETC., ET AL

| MEMORANDUM OF GARNISHEE, Page 1 of 2 (Attachment-Enforcement of Judgment) | Levy Officer File No.: 08- | Dept/Div | Case Number: CV0880039MISC |
|---|---|---|---|

To The Person Notified:  GILEAD SCIENCES, INC.
333 LAKESIDE DRIVE
Foster City, CA. 94404

Leving Officer
GREG MUNKS, SHERIFF
San Mateo County Sheriff's Dept
400 COUNTY CENTER
3RD FLOOR - CIVIL
Redwood City, CA. 94063
650 363-4497

| This memorandum does not apply to garnishment of earnings. |
|---|

**NOTICE TO THE PERSON SERVED WITH WRIT AND NOTICE OF LEVY OR NOTICE OF ATTACHMENT: This Memorandum must be completed and mailed or delivered to the levying officer within 10 days after service on you of the writ and notice of levy or attachment unless you have fully complied with the levy. Failure to complete and return this memorandum may render you liable for the costs and attorney fees incured in obtaining the required information.**

**- RETURN ALL COPIES OF THIS MEMORANDUM TO THE LEVYING OFFICER -**

1. If you will not deliver to the levying officer any property levied upon, describe the print property and your reason for not delivering it:

   Gilead Sciences, Inc. does not owe any money or property to any entity with the names of the two judgment debtors, Clintrials Bioresearch, Ltd. or Bio-Research Laboratories, Ltd. Gilead Sciences, Inc. will owe funds to Charles River Laboratories Preclinical Services Montreal Inc., which the judgment creditor has asserted is the successor to at least one of the judgment debtors, although those amounts are not currently due. (Counsel for the judgment creditor provided Gilead Sciences, Inc. with an extension of time until May 19, 2008, to provide this Memorandum of Garnishee to the levying officer.)

2. For writ of execution only Describe any property of the judgment debtor not levied upon that is in your possession or under your control:

   N/A

3. If you owe money to the judgment debtor which you will not pay to the levying officer, describe the amount and terms of the obligation and the reason for not paying it to the levying officer:

   See response to item 1 above. With respect to Charles River Laboratories Preclinical Services Montreal Inc., Gilead Sciences, Inc. has been invoiced in various amounts totaling $244,608.00, which amounts will become due in late May and early June 2008.

---

Judicial Council form, rule AT-167, EJ-1
POLLAK.52922

MEMORANDUM OF GARNISHEE, Page 1 of 2
(Attachment-Enforcement of Judgment)

Code of Civil

| Attorney or Party without Attorney | Telephone No: | For Recorders Use Only |
|---|---|---|
| ROBERT L. POLLAK | 415-291-8320 | |
| Law Offices Of: ROBERT L. POLLAK | Bar #083950 | |
| 425 CALIFORNIA STREET | | |
| SUITE 850 | | |
| SAN FRANCISCO, CA. 94104 | | |

Attorney for:

Insert name of Court and Judicial District and Branch Court:

SAN FRANCISCO COUNTY SUPERIOR COURT

400 Mcallister Street ◆ Room 103 ◆ San Francisco, Ca. 94102

Plaintiff: LABS OF VIRGINIA, ETC.

Defendant: CLINTRIALS, ETC., ET AL

| MEMORANDUM OF GARNISHEE, Page 2 of 2 (Attachment-Enforcement of Judgment) | Levy Officer File No.: 08- | Dept/Div | Case Number CV0880039MiSC |
|---|---|---|---|

To The Person Notified: GILEAD SCIENCES, INC.
333 LAKESIDE DRIVE
Foster City, CA. 94404

Levying Officer
GREG MUNKS, SHERIFF
San Mateo County Sheriff's Dept.
400 COUNTY CENTER
3RD FLOOR - CIVIL
650 363-4497

4. Describe the amount and terms of any obligation owed to the judgment debtor that is levied upon but is not yet due and payable:

See response to item 3 above.

For writ of executions only Describe the amount and terms of any obligation owed to the judgment debtor that is not levied upon:

As to the two named judgment debtors: none. As to Charles River Laboratories Preclinical Services Montreal Inc., which the judgment creditor has asserted is the successor to at least one of the judgment debtors, Gilead Sciences, Inc. is engaged in ongoing business and will likely be invoiced for additional amounts in the future.

6. Describe any claims or rights of other persons to the property or obligation levied upon that are known to you and the names and addresses of the other persons:

N/A

7. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| May 19, 2008 | Kent Evans | _Kent Evans_ |
|---|---|---|
| (Date) | (Type Or Print Name) | (Signature Of Declarant) |

If you need more space to provide the information required by this memorandum, you may attach additional pages. ___0___ Total number of pages attached.

# EXHIBIT 4

JUL-13-2007  16:02      CREATIVE ASSISTANT                    757 624 9998      P.02

**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

MAR 1 4 2001

LARRY W. PROPES, CLERK
CHARLESTON, SC

LABS of Virginia, Inc.,                )    Civil Action No.  9:99-3557-08
                                       )
                    Plaintiff,         )
                                       )
           vs.                         )    **ORDER CERTIFYING DEFAULT**
                                       )    **JUDGMENT**
ClinTrials BioResearch, Ltd. and Bio-  )
Research Laboratories, Ltd.,           )
                                       )
                    Defendants.        )

FILED

APR 1 1 2006

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

2.06mc4

WHEREFORE the United States District Court for the District of South Carolina

executed the attached order for default judgment in this action on April 4, 2000;

        IT IS HEREBY ORDERED that the Clerk of Court certify by signing below that

the attached order for default judgment is a true and correct copy of the original order for default

judgment entered in this action on April 4, 2000 and filed on April 5, 2000, that no notice of

appeal from this judgment has been filed within the time period prescribed by law and that no

motion of any kind listed in Rule 4(a) of the Federal Rules of Appellate Procedure has been filed

within the time period prescribed by law, as it appears in the records of this Court and, therefore,

that this judgment is final and enforceable.

Charleston, S.C. Clerk.
March 13, 2001

The Honorable Sol Blatt, Jr.
United States District Court Judge

The Honorable Terence E. Sheahan
Deputy Clerk of United States District Court
District of South Carolina

A TRUE COPY
Attest: Larry W. Propes, Clerk
By: _____
Deputy Clerk

17

JUL-13-2007  16:02     CREATIVE ASSISTANT                    757 624 9998     P.03

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

BEAUFORT DIVISION


FILED
APR 0 5 2000
LARRY W. PROPES, CLERK
CHARLESTON, SC

| | |
|---|---|
| LABS of Virginia, Inc., | ) Civil Action No. 9:99-3557-08 |
| Plaintiff, | ) |
| vs. | ) ORDER FOR DEFAULT JUDGMENT |
| ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd., | ) |
| Defendants. | ) |

This Motion for Default Judgment comes to be heard before me on March 29, 2000. Appearing for Plaintiff were Richard A. Farrier and P. Lynn Murphy of Nelson Mullins Riley & Scarborough, attorneys for the Plaintiff. Defendants ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd. did not attend, but had been timely notified of the hearing by the Plaintiff. Specifically, the Plaintiff served the Defendants with the Notice of Hearing on Motion for Default filed March 23, 2000 by Federal Express Overnight Delivery to the last known addresses of the Defendants.

At issue in this hearing was the adequacy of service upon the Defendants. I hereby find that service upon the Defendants was proper under the Hague Convention on the Service Abroad of Judicial and Extrajudicial documents codified in Federal Rule of Civil Procedure 4. I base this finding upon the following facts: (1) The Plaintiff filed a Summons, Complaint and Answers to Local Rule Interrogatories on October 26, 1999; (2) Plaintiff served the Summons and Complaint on the Defendants through the South Carolina Secretary of State on October 27, 1999; and (3) Plaintiff also served the Summons and Complaint upon

ClinTrials and Bio-Research by process server on November 3, 1999. I thereby find that the Defendants are in default on the following grounds: (1) Defendants' Answer or response to the Summons and Complaint was due on or before November 23, 1999 at the latest; (2) to date, Defendants have not answered or otherwise responded to the Summons and Complaint; and (3) Defendants did not seek from Plaintiff or the Court an extension of time in which to answer or otherwise respond to the Summons and Complaint.

THEREFORE, Plaintiff is entitled to actual damages in the amount of $116,660.00. I further find that Plaintiff is entitled to pre-judgment and post-judgment interest. Plaintiff is entitled to prejudgment interest on the above-referenced liquidated sum at a rate of 8 ¾ % per anum pursuant to S.C. Code Ann. § 34-31-20. See United States v. Dollar Rent A Car Systems, Inc., 712 F.2d 938, 940 (4th Cir. 1983)(holding that state law applies to questions involving prejudgment interest in diversity cases); Babb v. Rothrock, 310 S.C. 350, 426 S.E.2d 789 (1993)(holding that creditor is entitled to prejudgment interest on obligations to pay money from the time the money is demandable if the sum is certain or capable of being reduced to certainty); Southern Welding Works, Inc. v. K & S Construction Co., 286 S.C. 158, 332 S.E.2d 102 (Ct. App. 1985)(holding that interest is allowable on an account stated); see also APAC Carolina, Inc. v. Town of Allendale, S.C., 41 F.3d 157 (4ᵗʰ Cir. 1994)(finding that prejudgment interest was recoverable on a liquidated damages claim under South Carolina law. Calculating such interest from the time the money became demandable renders a sum of $ 39,787.29!  Plaintiff is also entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a). 28 U.S.C. § 1961(a) provides that "interest shall be allowed on any money judgment in a civil case recovered in a district court." The federal interest rate, rather than the state interest rate, applies to an award of postjudgment interest. Vanwyk Textile Sys. v. Zimmer

1  See Exhibit attached hereto.

-2-

Machinery America, Inc., 994 F.Supp. 350, 389 (W.D.N.C. 1997). The applicable rate is the rate on 52-week Treasury bills at the last auction date of those bills before judgment is entered. Id.; 28 U.S.C. § 1961(a). The last auction held on February 29, 2000 resulted in a rate of 6.197%.

       IT IS ORDERED that Plaintiff have judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure against Defendants ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd, who are jointly and severally liable, for $116,660.00 in actual damages, $39,787.29 in pre-judgment interest, and a certain sum in post-judgment interest to be determined at a future date.

                      AND IT IS SO ORDERED.

                      Judge Sol Blatt, Jr.
                      United States District Court Judge

Charleston, South Carolina

April 4, 2000

#3

-3-

JUL-13-2007  16:03        CREATIVE ASSISTANT                        757 624 9998      P.06

03/29/2000  Page 1

Compound Period ....: Annual

Nominal Annual Rate . :   8.750    %
Effective Annual Rate . :  8.750    %
Periodic Rate ............. :   8.7500  %
Daily Rate ................. :   0.02397 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|-------|-----------|--------|--------|--------|----------|
| 1 Loan | 10/28/1996 | 24,360.00 | 1 | | |
| 2 Payment | 03/29/2000 | 32,471.96 | 1 | | |

AMORTIZATION SCHEDULE - Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|------|---------|----------|-----------|---------|
| Loan 10/28/1996 | | | | 24,360.00 |
| 1996 Totals | 0.00 | 0.00 | 0.00 | |
| 1 03/29/2000 | 32,471.96 | 8,111.96 | 24,360.00 | 0.00 |
| 2000 Totals | 32,471.96 | 8,111.96 | 24,360.00 | |
| Grand Totals | 32,471.96 | 8,111.96 | 24,360.00 | |

JUL-13-2007  16:03        CREATIVE ASSISTANT                757 624 9998      P.07

03/29/2000  Page 1

Compound Period .....: Annual

Nominal Annual Rate . :   8.750   %
Effective Annual Rate . :   8.750   %
Periodic Rate ............ :   8.7500  %
Daily Rate ................. :   0.02397 %

CASH FLOW DATA

| Event | Start Date | Amount | Number | Period | End Date |
|---|---|---|---|---|---|
| 1 Loan | 09/25/1996 | 92,300.00 | 1 | | |
| 2 Payment | 03/29/2000 | 123,975.33 | 1 | | |

AMORTIZATION SCHEDULE – Normal Amortization

| Date | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
| Loan 09/25/1996 | | | | 92,300.00 |
| 1996 Totals | 0.00 | 0.00 | 0.00 | |
| 1  03/29/2000 | 123,975.33 | 31,675.33 | 92,300.00 | 0.00 |
| 2000 Totals | 123,975.33 | 31,675.33 | 92,300.00 | |
| Grand Totals | 123,975.33 | 31,675.33 | 92,300.00 | |



TOTAL P.07

CM/ECF - yaed - Docket Report                                    Page 1 of 2

# U.S. District Court
## Eastern District of Virginia (Norfolk)
## CIVIL DOCKET FOR CASE #: 2:06-mc-00004-RAJ-FBS

LABS of Virginia, Inc. v. ClinTrials BioResearch, Ltd. et al    Date Filed: 04/11/2006
Assigned to: District Judge Raymond A. Jackson          Jury Demand: None
Referred to: Magistrate Judge F. Bradford Stillman      Nature of Suit: 890 Other Statutory
Cause: Registration of Foreign Judgment            Actions
                                          Jurisdiction: Federal Question

**Plaintiff**

**LABS of Virginia, Inc.**        represented by    **Joshua Michael David**
                                              David Kamp & Frank LLC
                                              739 Thimble Shoals Blvd
                                              Suite 105
                                              Newport News, VA 23606
                                              (757) 595-4500
                                              *LEAD ATTORNEY*
                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**ClinTrials BioResearch, Ltd.**

**Defendant**

**Bio-Research Laboratories, Ltd.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/11/2006 | 1 | REGISTRATION of Foreign Judgment registering Order for Default Judgment entered by Judge Sol Blatt, Jr., USDJ, USDC for District of South Carolina, Beaufort Division, on 4/4/00, and filed on 4/5/00, granting plaintiff judgment pursuant to Rule 55 of FRCVP against defendants ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd., who are jointly and severally liable, for $116,660.00 in actual damages, $39,787.29 in pre-judgment interest, and a certain sum in post-judgment interest to be determined at a future date, filed by plaintiff Labs of Virginia, Inc.(mwin, ) (Entered: 04/12/2006) |
| 04/11/2006 | | Filing fee for misc. action: $39.00 paid 4/11/06, receipt number 200-51500 issued 4/12/06. (mwin, ) (Entered: 04/12/2006) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 07/05/2007 09:45:04 | | |
| | | |

| PACER Login: | mc1075 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:06-mc-00004-RAJ-FBS |
| Billable Pages: | 1 | Cost: | 0.08 |

# EXHIBIT 5

Case 3:08-mc-80039-VRW     Document 6-6     Filed 05/23/2008     Page 2 of 4

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



**L.O.V. SHAREHOLDERS, LLC,**
  a Virginia limited liability company and
  assignee of LABS of Virginia, Inc.,

            Plaintiff,

v                                    Civil Action Number: _4·06 cv 32_

**CHARLES RIVER LABORATORIES, INC.,**
  a Delaware corporation and successor in
  interest to ClinTrials BioResearch, Ltd. and
  Bio-Research Laboratories, Ltd.,

            Defendant.

SERVE:     Corporation Service Company
           11 S. 12th Street, 5th Floor
           Richmond, Virginia 23218

## COMPLAINT

  **COMES NOW**, the plaintiff, L.O.V. Shareholders, LLC, (hereafter the "Plaintiff"),

by counsel, and for its Complaint against the defendant, Charles River Laboratories, Inc.,

(hereafter the "Defendant") does say as follows:

  1.     This is an action to enforce a judgment entered by the United States Court for the

District of South Carolina.

  2.     The Plaintiff is a Virginia limited liability company with its principal place of

business in Virginia.

  3.     The Defendant is a Delaware corporation with its principal place of business in

Massachusetts.

                                                                          /

4.     The Defendant is duly registered to conduct business in the Commonwealth of Virginia and maintains a registered agent in Virginia. Based upon information and belief, the Defendant conducts business and has assets in Virginia.

5.     This court has jurisdiction to hear and resolve this Complaint by virtue of 28 U.S.C. § 1332(a)(1).

6.     On April 4, 2000, judgment was entered in favor of LABS of Virginia, Inc. against ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd. by the United States District Court for the District of South Carolina, Beaufort Division (the "Judgment"). A certified copy of the Judgment is attached hereto as Exhibit 1 and incorporated herein by reference.

7.     The Judgment was assigned by LABS of Virginia, Inc. to the Plaintiff by the Assignment attached hereto as Exhibit 2 and incorporated herein by reference.

8.     The Defendant is the successor in interest to ClinTrials BioResearch, Ltd. and Bio-Research Laboratories, Ltd.

9.     The Judgment is entitled to full faith and credit by this Court, and the Plaintiff is entitled to have this Court enter judgment thereon against the Defendant.

WHEREFORE, L.O.V. Shareholders, LLC prays for judgment against Charles River Laboratories, Inc. in the principal amount of $116,660.00, together with prejudgment interest awarded by the United States District Court for the District of South Carolina in the amount of $39,787.29, additional prejudgment interest from April 4, 2000 to the date of judgment from this Court, and post-judgment interest from the date of judgment from this Court until paid, the costs expended by the Plaintiff in this cause, and such other and further relief as the Court may determine to be appropriate.

L.O.V. SHAREHOLDERS, LLC

By _____
Of Counsel

Joshua M. David (VSB #41386)
DAVID KAMP & FRANK, L.L.C.
739 Thimble Shoals Boulevard, Suite 105
Newport News, Virginia  23606
Telephone:  (757) 595-4500
Fax:  (757) 595-6723

#93617                                3

# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

L.O.V. SHAREHOLDERS, LLC,
    a Virginia limited liability company
    and assignee of LABS of Virginia, Inc.

        Plaintiff,

v.                              Civil Action No. 4:06 cv 32

CHARLES RIVER LABORATORIES, INC.,
    a Delaware corporation and successor
    in interest to ClinTrials BioResearch Ltd.
    and Bio-Research Laboratories Ltd.,

        Defendant.

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

NOW COMES Defendant Charles River Laboratories, Inc. ("Charles River"), by counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), files this memorandum in support of its motion to dismiss for failure to state a claim or, in the alternative, motion for summary judgment. Charles River is not the entity against whom the default judgment sought to be enforced was entered and Charles River is not a successor in interest to ClinTrials BioResearch Ltd. ("ClinTrials") or Bio-Research Laboratories Ltd. ("Bio-Research").

### STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

1.      On January 12, 1996, Bio-Research purchased defective research monkeys from Laboratory Animal Breeders and Services, Ltd. ("LABS"). (Affidavit of Joseph W. LaPlume dated March 14, 2006 (the "LaPlume Aff.") at ¶3 which is attached hereto as Exhibit A.) It is Charles River's understanding that at some time after 1995, LABS sold all of its assets to LABS of Virginia, Inc. ("Virginia"), a Virginia Corporation.

2.    The laboratory monkeys were defective, as one or several of the monkeys were infected with Tuberculosis when they were delivered. (LaPlume Aff. ¶4.)

3.    On July 24, 1996, ClinTrials purchased the assets of Bio-Research. (LaPlume Aff. ¶5.)

4.    In July, 1997, ClinTrials brought an action against LABS, Nautilus Insurance Company ("Nautilus") and Chubb Custom Insurance Company, in the Superior Court of Quebec, Canada, bearing file number 500-05-033946-979, for the defective monkeys (the "ClinTrials Action"). (LaPlume Aff. ¶6.)

5.    In October, 1999, Virginia filed an action against ClinTrials and Bio-Research in the United States District Court for the District of South Carolina, Beaufort Division, bearing civil action number 9:99-3557-08 (the "South Carolina Action") for the alleged failure of Bio-Research to pay for the monkeys.  ClinTrials and Bio-Research did not appear in the South Carolina Action and on April 4, 2000, default judgment was entered against ClinTrials and Bio-Research (the "South Carolina Default Judgment"). (Compl. ¶ 6.)

6.    In 2001, Virginia filed a Motion for Enforcement of a Foreign Judgment in the Superior Court of Quebec, Canada, bearing file number 500-05-064242-017, against ClinTrials and Bio-Research to enforce the South Carolina Default Judgment (the "Quebec Enforcement Action").  (LaPlume Aff. ¶7.)  On April 9, 2003, the Superior Court of Quebec denied Virginia's request to recognize and enforce the South Carolina Default Judgment pursuant to Quebec Civil Code Art. 3168(4), on the grounds that all obligations rising from the underlying contract were not to be carried out in South Carolina.  (See Quebec Enforcement Action Decision, attached to LaPlume Aff. as Exhibit B.)

7.    After the resolution of the Quebec Enforcement Action, ClinTrials and Nautilus entered into a settlement agreement for the ClinTrials Action by which Nautilus,

on behalf of LABS, paid ClinTrials $257,150. (LaPlume Aff. ¶8.) Virginia was not a party to the settlement agreement. (LaPlume Aff. ¶8.)

8.      Plaintiff alleges the South Carolina Default Judgment was assigned by Virginia to Plaintiff L.O.V. Shareholders, LLC, a Virginia limited liability company. (Compl. ¶ 6.)

9.      On August 9, 2002, ClinTrials changed its name to CTBR Bio-Research, Inc. ("CTBR Bio-Research"), and subsequently changed its name to Charles River Laboratories Preclinical Services Montreal Inc. ("CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials"), a Quebec company, on October 25, 2005. (LaPlume Aff. ¶9.)

10.     On December 30, 2002, Bio-Research changed its name to 9124-4780 Quebec Inc. and subsequently transferred its assets and liabilities to its sole shareholder, CTBR Bio-Research. (LaPlume Aff. ¶11.)

11.     On September 23, 2003, 9124-4780 Quebec Inc. f/k/a Bio-Research was dissolved. (LaPlume Aff. ¶12.)

12.     CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials continues to perform pre-clinical and laboratory research services on a contract basis, as a distinct corporate entity. (LaPlume Aff. ¶13.)

13.     CRLPSM f/k/a CTBR Bio-Research and f/k/a ClinTrials is owned by Inveresk Research (Canada) Inc. ("Inveresk"), which is a Canadian corporation; Inveresk is owned by Charles River Laboratories Luxembourg, S.ár.l ("Charles River Luxembourg"), a Luxembourg entity; Charles River Luxembourg is owned by Inveresk Holdings, LLC ("Inveresk Holdings"), a Delaware limited liability company; Inveresk Holdings is owned by Inveresk Research Group LLC ("Inveresk Research"),a Delaware limited liability company; Inveresk Research is owned by Charles River Laboratories International, Inc ("Charles River International"), a Delaware company. (LaPlume Aff. ¶14.)

3

14. Charles River does not own, nor does any subsidiary of Charles River own, CRLPSM f/k/a CTBR Bio-Research or f/k/a ClinTrials. (LaPlume Aff. ¶15.)

15. Charles River is not a successor in interest to ClinTrials or Bio-Research. (LaPlume Aff. ¶16.)

## STANDARD OF REVIEW

"A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint." Spacenet, Inc. v. Am. Agric. Commun. Sys., 2005 U.S. Dist. LEXIS 35963 (E.D. Va. 2005) (citations omitted). The Court may dismiss a plaintiff's claims when there is no legal basis for recovery under the facts as alleged. See Doby v. Safeway Stores, Inc., 523 F.Supp. 1162 (E.D. Va. 1981). "If, on a motion...to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Fed Rules Civ Proc R 12 (2006). "The moving party's attachment of additional materials to the motion to dismiss does not automatically convert the motion to one for summary judgment; the Court must accept and consider those additional materials before a conversion is required." Grayson Fin. Am., Inc. v. Arch Specialty Ins. Co., 2006 U.S. Dist. LEXIS 7302 (E.D. Va. 2006) (citing Wilson-Cook Medical, Inc. v. Wilson, 942 F.2d 247, 252 (4th Cir. 1991)).

## ARGUMENT

### Charles River is not a successor in interest to ClinTrials or Bio-Research

Plaintiff has failed to state a claim upon which relief may be granted as Plaintiff is attempting to enforce a judgment against Charles River when Charles River is not a proper party to this lawsuit and, as a matter of law, is not a successor in interest to the entities against whom Plaintiff's assignor obtained its default judgment. See e.g. Dixstar

4

v. GenTec Equip., 2004 U.S. Dist. LEXIS 7201 (D. Ky. 2004); Davila v. Magna Holding

Co., 2000 U.S. Dist. LEXIS 2684 (D. Ill. 2000).   Indeed, the South Carolina Default

Judgment is against ClinTrials and Bio-Research and not Charles River.   Further,

contrary to Plaintiff's allegation, the undisputable fact is that Charles River is not a

successor in interest to ClinTrials and Bio-Research.[1]  ClinTrials, in fact, continues to be

an active, independent business, though it has changed its name from ClinTrials

BioResearch Ltd. to CTBR Bio-Research Ltd. to its current name of Charles River

Laboratories Preclinical Services Montreal Inc.  Additionally, Charles River does not own

ClinTrials and Bio-Research, as they are subsidiaries of distinct corporate entities, with

the actual parent corporation being Charles River International and not Charles River.[2]

Indeed, all of the corporate entities maintain their own corporate formalities, including

where applicable, the proper licenses, filings, and corporate minutes.  As a matter of law,

Charles River is not a successor in interest to the defendants in the South Carolina

Action and has no liability for the South Carolina Default Judgment.

   Moreover, Plaintiff's predecessor assignor to the South Carolina Default

Judgment already tried to enforce the same judgment against the proper entities,

ClinTrials and Bio-Research, and failed.   Plaintiff is now attempting to enforce its

judgment against a distinct corporate entity which was neither a party in the South

Carolina Action nor a successor in interest to the companies against whom the default

was entered.

---

[1] In addition to the fact Charles River is not a successor in interest to ClinTrials and/or Bio-Research, Plaintiff has failed to allege facts sufficient to make Charles River liable, as Plaintiff has only claimed Defendant was a "successor in interest".  (Compl. ¶ 8.)

[2] Charles River International would also not be a proper party to an enforcement action, as Charles River International owns ClinTrials but the two companies are wholly distinct corporate entities.

5

## CONCLUSION

As Charles River was not a party to the South Carolina Action, and is not a successor in interest to ClinTrials or Bio-Research, this Court must dismiss this action to enforce the South Carolina Default Judgment against Charles River.

WHEREFORE, Charles River Laboratories, Inc., prays this Court enter an order dismissing Plaintiff L.O.V. Shareholders, LLC's complaint with prejudice, awarding it its costs and attorneys' fees incurred in its defense of this suit, and awarding such further relief to which it may be entitled.

Respectfully submitted,

CHARLES RIVER LABORATORIES, INC.

By Counsel

Counsel:

Robert W. McFarland, VSB #24021
Keith P. Zanni, VSB #46021
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
757/640-3700

_____
Robert W. McFarland

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was delivered by hand to Joshua M. David, DAVID KAMP & FRANK, LLC, 739 Thimble Shoals Boulevard, Suite 105, Newport News, Virginia 23606 this /5/ day of March, 2006.

_____
Robert W. McFarland

Active\3602436.4

6

**EXHIBIT 7**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

```
┌─────────────────────────────┐
│          FILED              │
│       APR  3 2006           │
│  CLERK, U.S. DISTRICT COURT │
│        NORFOLK, VA          │
└─────────────────────────────┘
```

**L.O.V. SHAREHOLDERS, LLC,**

          Plaintiff,

v                                   **Civil Action Number: 4:06-cv-32**

**CHARLES RIVER LABORATORIES, INC.,**

          Defendant.

## STIPULATION FOR VOLUNTARY DISMISSAL

**THIS DAY** came the Plaintiff, L.O.V. Shareholders, LLC, and the Defendant, Charles River Laboratories, Inc., by and through their respective counsel, and, pursuant to the provisions of Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, herewith stipulate and agree that this action be, and the same hereby is, dismissed without prejudice with each party to bear its own costs, including attorney's fees.

SO STIPULATED:

_____
Joshua M. David (VSB #41386)
DAVID, KAMP & FRANK, L.L.C.
739 Thimble Shoals Boulevard, Suite 105
Newport News, Virginia 23606
(757) 595-4500 (telephone)
(757) 595-6723 (facsimile)
*Counsel for L.O.V. Shareholders, LLC*

_____
Robert W. McFarland (VSB #24021)
Keith P. Zanni (VSB #46021)
McGUIREWOODS LLP
9000 World Trade Center
Norfolk, Virginia 23510
(757) 640-3700 (telephone)
*Counsel for Charles River Laboratories, Inc.*

IT IS SO ORDERED:

Dated: _April 3, 2006_

_____
United States District Judge

4/4/06: Copies Mailed
OB/fec

RECEIVED APR 5 2006

#95864